# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MYERS,** | : | **No. 3:23-cv-1989** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **DR. FOLEREZELL,** | : | |
| **Defendant** | : | |

| | | |
|---|---|---|
| **MICHAEL MYERS,** | : | **No. 3:23-cv-1990** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **DR. LAUREL HARRY,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

## I. Background

On November 14, 2023, in the United States District Court for the Eastern District of Pennsylvania, Plaintiff, Michael Myers, filed <u>Myers v. Dr. Folerezell</u>, Civil No. 2:23-cv-04565 (E.D. Pa.), a civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1). The complaint names Dr. Folerezell as the sole Defendant and contains the single allegation that Plaintiff's medications were "forced without a hearing." <u>Id.</u> For relief, Plaintiff requests Defendant to "stop all forced medications" and "release [Plaintiff] to general population." <u>Id.</u>

Also on November 14, 2023, in the United States District Court for the Eastern District of Pennsylvania, Petitioner filed Myers v. Harry, Civil No. 2:23-cv-04594, a second civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1). The complaint names Dr. Laurel Harry, Pennsylvania Department of Corrections Secretary, as the sole Defendant and contains the single allegation that the forced medications "made things worse." Id. For relief, Plaintiff seeks a transfer to SCI-Benner. Id.

By Order dated November 30, 2023, the United States District Court for the Eastern District of Pennsylvania transferred both of Plaintiff's civil rights actions to the United States District Court for the Middle District of Pennsylvania, where they were received and filed on November 4, 2023. See Myers v. Folerezell, Civil No. 3:23-cv-1989 (M.D. Pa.) and Myers v. Harry, Civil No. 3:23-cv-1990 (M.D. Pa.).

Because the Court finds that these civil actions challenge the same medical treatment and request the same relief, the Court consolidates the latter action, Myers v. Harry, Civil No. 3:23-cv-1990 (M.D. Pa.) into Myers v. Folerezell, Civil No. 3:23-cv-1989 (M.D. Pa.) and will conduct a preliminary screening of the consolidated action pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or

because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Plaintiff's consolidated action will be dismissed for failure to state a claim.

## II. Standards of Review

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §1915(e)(2)(B) and §1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240

(3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard for dismissal for failure to state a claim under §1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a

- 4 -

claim.' Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 679, 129 S.Ct. 1937. See also Burch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' Iqbal, 556 U.S. at 679, 129 S.Ct. 1937." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Myers proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III. Factual Background

Plaintiff alleges that his psychotropic medication has been administered through force without a hearing. (Doc. 1). He challenges the "ineffectiveness of the medications," claiming that "they made things worse."

- 5 -

Id. As a result, Plaintiff seeks to have the medication immediately stopped and to be transferred to general population or to SCI-Benner. Id.

On October 5, 2023, correspondence from Plaintiff to Defendant Harry was responded to with the following:

> Your correspondence, addressed to Secretary of Corrections Dr. Laurel Harry, regarding your request to be transferred to SCI-Benner, has been received and referred to me for review and response.
>
> Any request for transfer consideration begins with your unit team. They are in the best position to make a determination if a transfer is appropriate at this time. Please strive for misconduct free behavior, be patient, and remain cooperative with staff in the meantime.
>
> If you have any immediate concerns, please notify your unit team.

(Doc. 2-1 at 1).

On October 24, 2023, Plaintiff's Grievance No. 1057695 regarding his medication was denied as follows:

> Upon review of your medical record, it is noted that you are admitted to the inpatient psychiatric hospital/FTC at SCI-Waymart and have multiple psychiatric providers that have reviewed your history and are working together to help you be as healthy as possible. They're attempting to work with you as they meet to discuss your medications and assess their effectiveness as professionals.

(Doc. 2-1 at 4).

On October 25, 2023, Plaintiff's Grievance No. 1057964 regarding his medication was denied as follows:

> Upon review of your medical record, you are currently court committed to the FTC Inpatient psychiatric unit and the use of force medication over objection has been deemed necessary by 2 psychiatrists.

(Doc. 2-1 at 2).

## IV. Discussion

### A. Eighth Amendment Medical Claim

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id., 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.

1993). A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

Additionally, if a prisoner disputes the adequacy of the treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is the treatment the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

The documentation attached to Plaintiff's consolidated complaint clearly demonstrates that Plaintiff is receiving medical attention, and that the attention he received lacks the requisite deliberate indifference to support a Section 1983 claim. At best, Plaintiff's complaint demonstrates his disagreement with the court committed confinement to the FTC Inpatient psychiatric unit and the doctors' determination that forced medication is necessary to treat Plaintiff. Though he may wish to receive different

medication, or no medication at all, his disagreement with the course of action that Defendants have taken is not enough to state a §1983 claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir. 1989). This is particularly so in light of the fact that the consolidated complaint contains no allegations that any of the Defendants intentionally withheld, or administered, medical treatment in order to inflict pain or harm upon Plaintiff. Farmer, 511 U.S. at 837; Rouse, 12 F.3d at 197. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison and do not rise to the level of an Eighth Amendment constitutional violation.

### B. Request for a Transfer

It is well established that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Rather, a prison "has a penological interest in the housing placement of its inmates" and, accordingly, "the decision where to house inmates is at the core of prison administrators' expertise." Thomaston v. Meyer, 519 Fed.

Appx. 118, 119 (3d Cir. 2013) (internal quotation omitted). Thus, although Myers may prefer to be housed in general population, or transferred to another institution, he has no constitutional right to that status. See, e.g., Podhorn v. Grondolsky, 350 Fed. Appx. 618, 620 (3d Cir. 2009) ("[P]risoners have no constitutional right to be assigned to a particular institution, facility or rehabilitative program."); Keeling v. Barrager, 2014 WL 1338077, at *6 (M.D. Pa. Apr. 3, 2014) ("[T]he United States Constitution does not confer any right upon an inmate to any particular custody or security classification."). Thus, Plaintiff's consolidated complaint is without merit.

## V. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, it is clear from the facts alleged in Plaintiff's *pro se* consolidated complaint and his attached exhibits that any attempt to amend the Plaintiff's §1983 claims against the named Defendants would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## VI. Conclusion

Based on the forgoing, the Court will consolidate, Myers v. Harry, Civil No. 3:23-cv-1990 (M.D. Pa.) into Myers v. Folerezell, Civil No. 3:23-cv-1989 (M.D. Pa.) and Plaintiff's consolidated complaint, Civil No. 3:23-cv-1989, will be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii).

A separate Order will be issued.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Judge

Date: December 7, 2023